IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF ALABAMA SOUTHERN DIVISION

RECEIVED
2018 JUL -5 P 2: 21
DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

WILLIAM K. WOODHAM; COLBY LEE CARPENTER; MICHAEL BLAKE JOHNSON; BRADLEY YORK JOHNSON; BRADLEY YORK JOHNSON, DBA JOHNSON HAY FARMS; and, PLAITNIFFS.

vs.

Case Number
1:18-CV-638-CSC

GEORGE IRVIN "SONNY" PURDUE, III
UNITED STATES SECRETARY OF AGRICULTURE, THE UNITED STATES DEPARTMENT OF AGRICULTURE,
DEFENDANT

COMPLAINT

Jurisdiction

1. Jurisdiction of the United States District Court of the Middle District of Alabama, Southern Division is invoked pursuant to 28 USCS 1331, Federal Question Jurisdiction, 7 USCS 6999 and 28 USCS 2412.

Statement of the Parties

2. William K. Woodham, is a resident citizen of Columbia, Henry County, Alabama situated in the Middle District of Alabama, Southern Division. Those things made the basis of this complaint arise from activities occurring within the Middle District of Alabama, Southern Division.

1

3. Colby Lee Carpenter, is a resident citizen of Columbia, Henry County, Alabama situated in the Middle District of Alabama, Southern Division. Those things made the basis of this complaint arise from activities occurring within the Middle District of Alabama, Southern Division.

4. Michael Blake Johnson, is a resident citizen of Headland, Henry County, Alabama situated in the Middle District of Alabama, Southern Division. Those things made the basis of this complaint arise from activities occurring within the Middle District of Alabama, Southern Division.

5. Bradley York Johnson, dba Johnson Hwy Farms is a resident citizen of Headland, Henry County, Alabama situated in the Middle District of Alabama, Southern Division. Those things made the basis of this complaint arise from activities occurring within the Middle District of Alabama, Southern Division

6. There exist commonality of issues between the plaintiffs in that they have all suffered similar treatment from the defendant each receiving a favorable ruling from the United States Department of Agriculture Office of the Secretary, National Appeals Division, (at times NAD). Notwithstanding the favorable ruling, facts of which will

be set out with more particularity regarding each plaintiff below, none of the plaintiff's have had the favorable ruling received implemented as required by law. The conduct of the defendant in not implementing the decision of the NAD is arbitrary, capricious and contrary to law.

7. All of the plaintiffs are collard growers who suffered losses and made claims for benefits under the Noninsured Crop Disaster Assistance Program but were denied benefits by the Department of Agriculture. Each appealed the decision of the Department of Agriculture to its National Appeals Division. The cases of the plaintiffs were consolidated for one hearing date. Each plaintiff received a favorable ruling reversing the denial of benefits under the program. The Secretary of Agriculture has failed and refused to implement the favorable ruling. All of the plaintiffs are entitled to the same maximum compensation under the program and none have been paid.

8. The defendant is the United States Secretary of Agriculture, the Honorable George Irvin "Sonny" Purdue, III, United States Department of Agriculture, (the Agency), who bears the legal responsibility of implementing the decision of the National Appeals Division within 30 days

unless a timely request for review is filed which did not occur. The Agency has not implemented the decision as will be set out in more detail below with respect to each plaintiff.

9. The amount that is due each plaintiff is readily calculable by the defendant. The plaintiffs have a clear legal right to the relief sought. Since all of the plaintiffs are entitled, pursuant to the Noninusured Crop Disaster Assistance Program (NAP), to the maximum amount available under the program for a their respective losses there is no need to remand this matter to the Agency prior to judgment being entered.

10. The legal and factual issues are identical for all plaintiffs.

Count 1

(William K. Woodham)

11. Plaintiff, William K. Woodham, is a resident of Henry County, Alabama who farms land in Henry County, Alabama. On April 10, 2017 he filed a Notice of Loss with the defendant.

4

12. The Notice of Loss, sought compensation under the NAP due to Excess Moisture/Precipitation for Collard Greens.

13. The Agency denied relief under NAP and the plaintiff, Mr. Woodham, filed a timely appeal with National Appeals Division. A hearing was held on February 13, 2018.

14. The Administrative Law Judge issued a final ruling on 23 March 2018 and determined the plaintiff William K. Woodham met his burden of proof that the Agency's decision to deny benefits pursuant to NAP was erroneous.

15. The Agency did not seek a review of the final determination of the Administrative Law Judge. If a review is not sought the Agency is required to implement the final determination within thirty days of the effective date of the ruling of the Administrative Law Judge. 7 USC 7000(a)

16. The Agency has done nothing to implement the final determination of the Administrative Law Judge even though more than thirty days have elapsed from the effective date of the final determination and its behavior is arbitrary, capricious and contrary to law.

Wherefore Plaintiff William K. Woodham seeks an order:

A.  Enforcing the ruling of the Administrative Law Judge entered on 23 March 2018;

B.  That the Agency be required to provide the Court with the calculations of the benefits due the Plaintiff as a result of the ruling of the Administrative Law Judge;

C.  That the Court calculate statutory interest on the sums due by the Ruling of the Administrative Law Judge;

D.  That the Court enter judgment for the benefits due as a result of the ruling of the Administrative Law Judge and interest;

E.  That the Court enter judgment in an additional amount for costs and attorney fees pursuant to 28 USCS 2412.

Count 2

(Colby Lee Carpenter)

17. Plaintiff, Colby Lee Carpenter, is a resident of Henry County, Alabama who farms land in Henry County, Alabama. On April 10, 2017[1] he filed a Notice of Loss with the defendant.

---

[1] The Agency stamped a receipt date on the Notice of Loss of April 4, 2017 and states in its letter of September 13, 2017 the filing date is April 4, 2017. The notice bears a date of April 10, 2017. The Administrative Law Judge states the Notice of Loss was filed on April 10, 2017. (Page 2 Numbered Paragraph 6 NAD Determination)

6

18. The Notice of Loss, sought compensation under the NAP due to Excess Moisture/Precipitation for Collard Greens.

19. The Agency denied relief under NAP and the plaintiff, Colby Lee Carpenter, filed a timely appeal with National Appeals Division. A hearing was held on February 13, 2018.

20. The Administrative Law Judge issued a final ruling on 23 March 2018 and determined the plaintiff Colby Lee Carpenter met his burden of proof that the Agency's decision to deny benefits pursuant to NAP was erroneous.

21. The Agency did not seek a review of the final determination of the Administrative Law Judge. If a review is not sought the Agency is required to implement the final determination within thirty days of the effective date of the ruling of the Administrative Law Judge. 7 USC 7000(a)

22. The Agency has done nothing to implement the final determination of the Administrative Law Judge even though more than thirty days have elapsed from the effective date of the final determination and its behavior is arbitrary, capricious and contrary to law.

Wherefore Plaintiff Colby Lee Carpenter seeks an order:

A.  Enforcing the ruling of the Administrative Law Judge entered on 23 March 2018;

B.  That the Agency be required to provide the Court with the calculations of the benefits due the Plaintiff as a result of the ruling of the Administrative Law Judge;

C.  That the Court calculate statutory interest on the sums due under the Ruling of the Administrative Law Judge;

D.  That the Court enter judgment for the benefits due as a result of the ruling of the Administrative Law Judge and interest;

E.  That the Court enter judgment in an additional amount for costs and attorney fees pursuant to 28 USCS 2412.

## Count 3

(Michael Blake Johnson)

23. Plaintiff, Michael Blake Johnson, is a resident of Henry County, Alabama who farms land in Henry County, Alabama. On April 18, 2017[2] he filed a Notice of Loss with the defendant.

24. The Notice of Loss, sought compensation under the NAP due to Excess Moisture/Precipitation for Collard Greens.

---

[2] The NAD Determination states the date of filing is Aril 17, 2017 with the same date for the date of the realization of loss.

25. The Agency denied relief under NAP and the plaintiff, Michael Blake Johnson, filed a timely appeal with the National Appeals Division. A hearing was held on February 13, 2018.

26. The Administrative Law Judge issued a final ruling on 27 March 2018 and determined the plaintiff Michael Blake Johnson met his burden of proof that the Agency's decision to deny benefits pursuant to NAP was erroneous.

27. The Agency did not seek a review of the final determination of the Administrative Law Judge. If a review is not sought the Agency is required to implement the final determination within thirty days of the effective date of the ruling of the Administrative Law Judge.  7 USC 7000(a)

28. The Agency has done nothing to implement the final determination of the Administrative Law Judge even though more than thirty days have elapsed from the effective date of the final determination and its behavior is arbitrary, capricious and contrary to law.

Wherefore Plaintiff Michael Blake Johnson seeks an order:

A.  Enforcing the ruling of the Administrative Law Judge entered on 27 March 2018;

B.  That the Agency be required to provide the Court with the calculations of the benefits due the Plaintiff as a result of the ruling of the Administrative Law Judge;

C.  That the Court enter judgment for statutory interest on the sums due under the Ruling of the Administrative Law Judge;

D.  That the Court enter judgment for the benefits due as a result of the ruling of the Administrative Law Judge and interest;

E.  That the Court enter judgment in an additional amount for costs and attorney fees pursuant to 28 USCS 2412.

## Count 4

(Bradley York Johnson dba Johnson Hay Farms)

29. Plaintiff, Bradley York Johnson, is a resident of Henry County, Alabama who farms land in Henry County, Alabama. On April 17, 2017 he filed a Notice of Loss with the defendant.

30. The Notice of Loss, sought compensation under the NAP due to Excess Moisture/Precipitation for Collard Greens.

31. The Agency denied relief under NAP and the plaintiff, Mr. Bradley York Johnson, filed a timely appeal with National Appeals Division. A hearing was held on February 13, 2018.

32. The Administrative Law Judge issued a final ruling on 27 March 2018 and determined the plaintiff Bradley York Johnson met his burden of proof that the Agency's decision to deny benefits pursuant to NAP was erroneous.

33. The Agency did not seek a review of the final determination of the Administrative Law Judge. If a review is not sought the Agency is required to implement the final determination within thirty days of the effective date of the ruling of the Administrative Law Judge.  7 USC 7000(a)

34. The Agency has done nothing to implement the final determination of the Administrative Law Judge even though more than thirty days have elapsed from the effective date of the final determination and its behavior is arbitrary, capricious and contrary to law.

Wherefore Plaintiff Bradley York Johnson seeks an order:

A.  Enforcing the ruling of the Administrative Law Judge entered on 27 March 2018;

B.  That the Agency be required to provide the Court with the calculations of the benefits due the Plaintiff as a result of the ruling of the Administrative Law Judge;

C.  That the Court enter judgment for statutory interest on the sums due under the Ruling of the Administrative Law Judge;

D.  That the Court enter judgment for the benefits due as a result of the ruling of the Administrative Law Judge and interest;

E.  That the Court enter judgment in an additional amount for costs and attorney fees pursuant to 28 USCS 2412.

_____
Charles N. Reese (REE010)
Attorney for Plaintiffs
P. O. Drawer 250
1 Old Town Square
Daleville, Alabama 36322
cnevillereese@mac.com
334-598-6321
334-598-4216 (facsimile)

_____
Spencer W. Danzey (DAN042)
Attorney for Plaintiffs

P. O. Box 608
104 West Court Square
Abbeville, Alabama 36310
spence@danzeyfirm.com
334-585-2246